NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WALLACE B. ALLEN, PETITIONER, v. SARAH GLASER,
RESPONDENT.

Daughter of Petitioner, Employed as a Waitress, Her Compensation Including Lodging, was Burned to Death in the Employer's Hotel at Night—Held, That She Met Her Death in the Course of Her Employment—Evidence Examined and Found That There was No One Depending Upon Her for Support—Judgment for Funeral Expenses Only.

For the petitioner, Frank Heilenday for Aaron A. Melniker.

For the respondent, Collins & Corbin (by Harry E. Walburg).

\*　　\*　　\*　　\*　　\*　　\*　　\*

On August 16th, 1925, the deceased, Leona Allen, daughter of the petitioner, was in the employ of the respondent, Sarah Glaser, as a waitress, her wages consisting of $30 per month, together with board and lodging. At four A. M. on August 16th the new Atlantic Hotel, in Long Branch, operated by the respondent, was burned. All of the waitresses, with the exception of the petitioner's decedent, escaped safely. She failed to awaken and came to her death. The family of the petitioner consisted of himself, his wife, Mary Allen, and Kathleen Allen, aged eleven. The father was employed as a janitor at Columbia University at $100 per month. His wife, Mary Allen, was in the habit of working at odd times, and was employed by the respondent at the same hotel where the daughter was burned.

The statement of facts, as given above, presents two questions for our consideration—first, was the deceased in the course of her employment at the time of the fire? Second,

if so, was anyone wholly or partially dependent upon the deceased prior to this occurrence?

An affirmative answer, I think, must be given to the first question under the ruling, that one is in the course of employment when engaged in carrying out the terms of contract. This contract of employment included lodging as one of its elements, and it was while under this phase of the contract that the fatality was experienced. The relation of master and servant evidently extended to all periods of time when the waitresses were on the property of the respondent, as it is hardly to be conceded that they were beyond the jurisdiction or authority of the respondent and free to do as they pleased irrespective of rule or regulation affecting them while in their sleeping quarters.

With regard to dependency, the testimony discloses that on the date of the occurrence the father was employed at a wage of $100 per month, and the mother was receiving as wages and tips from $80 to $90 per month and board. She was therefore self-supporting at the time of the accident. I am unable to reach the conclusion that the sum of these two figures was insufficient for the support of the father and the eleven-year-old sister of the deceased. The rule is that any case must be determined upon its status at the time of the accident. From the facts as cited it does not appear that anyone was actually dependent upon the deceased, at the time of the accident, for the necessities of life, involving food, raiment and shelter.

Assuming, however, for the sake of analysis, that a determination should not be based on the conditions pertaining at the time of the occurrence only, but that the financial and family status for some period of time prior to the accident should be considered, it would appear, from a study of the situation for the year preceding the occurrence, that the deceased had not during that time earned enough to cover her cost of support. Consequently, there was no surplus from her earnings to be applied toward the support of other members of the family.

The above line of reasoning leads to the conclusion that this case is one coming under the provisions of the Workmen's Compensation act wherein no one was actually dependent upon the deceased, and recovery can be had therefore only for the allowance provided by the statute for the funeral expenses.

W. E. STUBBS,
*Deputy Commissioner of Compensation.*